IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMIGUELA PACI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ELMHURST AUTO WERKS, LTD, d/b/a )<br>ELMHURST BMW, LTD, )<br>)<br>Defendant. ) | 14-cv-1158 |

**COMPLAINT- CLASS ACTION**

**INTRODUCTION**

1. Plaintiff Emiguela Paci ("Plaintiff"), individually and on behalf of a class defined herein brings this action against Elmhurst Auto Werks, LTD, d/b/a Elmhust BMW, LTD, ("Defendant" or "Elmhurst BWM"), for willfully violating the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA") codified at 15 U.S.C. § 1681c(g)(1).

2. "FACTA was intended to 'protect consumers from identity thieves' and 'to limit the number of opportunities for identity thieves to 'pick off' key card account information.'" *Barbieri v. Redstone Am. Grill, Inc.*, 07 C 5758, 2009 U.S. Dist. LEXIS 9309 * 3-4 (N.D. Ill. Feb. 6, 2009) (*quoting* S. Rep. No. 108-166, at 3 (2003)); *See also Cicilinnev. Jewel Food Stores, Inc.*, 542 F. Supp. 2d 831 (N.D. Ill. 2008); *see also Harris v. Mexican Specialty Food, Inc.*, 564 F.3d 1301, 1306 (11th Cir. 2009)).

3. The United States has formally taken the position that there is liability under 15 U.S.C. § 1681c(g)(1) for printing a credit or debit card's expiration date on electronically printed receipts after June 3, 2008. *Hepokoski v. Brickwall of Chicago*, 09 C 611, Doc. 37, Response of

the United States in Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss, (N.D. Ill. June 23, 2009) (emphasis added).

4. A plaintiff need not demonstrate that he or she was a victim of identity theft to prevail on a claim for statutory damages only under the FCRA upon a showing that a defendant willfully violated 15 U.S.C. § 1681c(g)(1). *See Murray v. GMAC Mortg. Corp.,* 434 F.3d 948 (7th Cir. 2006).

5. "[E]vidence of subjective bad faith or intent of the defendant is irrelevant . . . [as] actual knowledge or intent as to FACTA's requirements is immaterial to the objective reasonableness analysis." *Long v. Tommy Hilfiger U.S.A., Inc.*, 671 F.3d 371, 377 (3rd Cir. 2012) (*citing Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 57, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007) *see also 1-800 Contacts, Inc.*, 615 F.3d at 803-04 (7th Cir. 2010) (applying *Safeco's* objectively reasonable test regarding e-mailed receipts).

6. "[A] reading [of the FCRA] that is 'objectively unreasonable' can be deemed a 'willful' violation." *Van Straaten v. Shell Oil Products Co. LLC,* 648 F.3d 486, 489 (7th Cir. 2012) (*quoting Safeco Ins. Co. of America*, 551 U.S. at 69), *cert denied*, 133 S. Ct. 983; 184 L. Ed. 2d 761; 2013 U.S. LEXIS 926 (Jan. 23, 2013)).

7. The law is clear that a cardholder's card's expiration date is not to be printed on an electronically printed receipt provided to the cardholder at the point of sale. *Todd v. Target Corp.*, 10 C 5598, 2012 U.S. Dist. LEXIS (N.D. Ill. Mar. 30, 2012)*, Pirian v. In-N-Out Burgers*, 06-1251, 2007 U.S. Dist. LEXIS 25384, *8 (C.D. Cal. Apr. 5, 2007); accord, *Iosello v. Leiblys, Inc.*, 502 F.Supp.2d 782 (N.D. Ill. 2007); *Follman v. Hospitality Plus of Carpentersville, Inc.,* 07 C 2934, 2007 U.S. Dist. LEXIS 77440 (N.D. Ill., Oct. 17, 2007); *Follman v. Village Squire, Inc.*, 07 C 3767, 2007 U.S. Dist. LEXIS 92585 (N.D. Ill., Dec. 18, 2007); *Korman v. Walking Co.*,

503 F. Supp. 2d 755 (E.D. Pa. 2007); *Ramirez v. MGM Mirage, Inc.*, 2:07-CV-00326-PMP-PAL, 2007 U.S. Dist. LEXIS 95254 (D. Nev. Dec. 3, 2007).

8. The Credit and Debit Card Receipt Clarification Act of 2007, codified at 15 U.S.C. § 1681c(g)(1) made it clear that after June 3, 2008, credit and debit cards' expiration dates where not to be printed on any electronically printed receipt provided to cardholders at the point of sales or transaction.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p (FCRA).

10. Venue is proper as Defendant's subject business location is located in the District.

## PARTIES

11. Plaintiff is a natural person residing in the State of Illinois.

12. Defendant Elmhurst Auto Werks, LTD is an Illinois Corporation.

## FACTS

13. Defendant accepts Visa and MasterCard branded credit and debit cards and American Express branded credit cards. On information and belief, Defendant accepts Discover branded credit cards.

14. Under the terms and conditions of Visa, MasterCard, Discover and American Express, Defendant is not to print a card's expiration date on any receipt in which a card is used.

15. On information and belief, Defendant received the terms and conditions to which it is obligated to comply with to accept American Express and information that specifically referenced the Fair and Accurate Credit Transactions Act's requirement to mask credit card expiration dates.

16. On information and belief, Defendant received the terms and conditions to which it is obligated to comply with to accept American Express and information that specifically referenced the Fair and Accurate Credit Transactions Act's requirement to mask credit card expiration dates.

17. On information and belief, Defendant would have been instructed by its acquiring bank that it was to read, review for changes to the terms and conditions, and abide by the terms and conditions of the current Visa and MasterCard operating regulations.

18. On information and belief, Defendant at least two years prior to the filing of this lawsuit would have knowledge or would have received information regarding FACTA's truncation requirements codified at 15 U.S.C. § 1681c(g)(1).

19. Defendant Elmhurst BMW uses more than one cash register and/or other machines or devices that electronically print receipts for all credit card and debit card transactions.

20. On February 11, 2014, Plaintiff used her Visa debit card in regard to her transaction with Defendant Elmhurst BMW.

21. Plaintiff provided Defendant Elmhurst BMW employee her Visa debit card for the transaction.

22. Defendant Elmhurst BMW's employee provided Plaintiff an electronically printed receipt at the point of sale that contained her Visa debit card's expiration date.

23. On or about January 8, 2014, Plaintiff used her Visa debit card in regard to her transaction with Defendant Elmhurst BMW.

24. On information and belief in regard to the January 8, 2014 transaction, Defendant Elmhurst BMW provided Plaintiff an electronically printed receipt at the point of sale that

contained her Visa debit card's expiration date. Plaintiff cannot locate this receipt.

25. The printing of an expiration date on receipts by Defendant is an intentional act as it required its point of sale software to be programmed to read the expiration date from credit and debit cards' magnetic strip and to cause the point of sale terminal to print the card's expiration date on the receipts.

26. The inclusion of the payment cards expiration date increases the risk of the payment card being compromised.

27. The suppression of the payment card's expiration date on electronically printed receipts is to help prevent a payment card from being compromised.

28. Most of Defendant's business peers and other merchants properly suppress the payment card's expiration date on electronically printed receipts provided to cardholders at the point of sales, the requirement not to print a payment card's expiration date on electronically printed receipts provided to cardholders at the point of sale or transaction was known or obvious to Defendant.

## VIOLATION ALLEGED

29. Paragraphs 1 – 38 are incorporated herein.

30. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1681a(c).

31. Plaintiff is a "cardholder" as defined in 15 U.S.C. § 1602(m).

32. Plaintiff is an "consumer" as that term is used in 15 U.S.C. § 1681n(a)

33. Defendant is a "person" as defined in 15 U.S.C. § 1681a(b).

34. Defendant Elmhurst BMW is a "person that accepts credit cards or debit cards for the transaction of business" under 15 U.S.C. §1681c(g)(1).

35. In regard to Plaintiff's February 11, 2014 transaction as described above,

Defendant did not comply with the truncation requirements of 15 U.S.C. §1681c(g)(1) in that a receipt it electronically printed and provided to the customer at the point of sales or transaction had an expiration date printed on it.

36. In regard to Plaintiff's on or about January 8, 2014 transaction as described above, on information and belief, Defendant did not comply with the truncation requirements of 15 U.S.C. §1681c(g)(1) in that a receipt it electronically printed and provided to the customer at the point of sales or transaction had an expiration date printed on it.

37. 15 U.S.C. §1681c(g)(1) provides that:

> … no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number *or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.*

15 U.S.C. §1681c(g)(1) (emphasis added).

38. Defendant either knowingly disregarded 15 U.S.C. § 1681c(g)(1) or recklessly violated 15 U.S.C. § 1681c(g)(1).

39. Defendant willfully violated 15 U.S.C. § 1681c(g)(1).

## CLASS ALLEGATION OF THE VIOLATION ALLEGED

40. Plaintiff brings this action on behalf of a pursuant to FED. R. CIV. P. 23(a) and (b)(3).

41. The class is defined as: All persons who were provided at the point of sales an electronically printed receipt that displayed the cardholder's payment card's expiration date at Elmhurst BMW located at 466 W. Lake Street, Elmhurst, Illinois, between February 18, 2012 and February 18, 2014.

42. As under Rule 23 class definitions may be changed prior to judgment, Plaintiff preserves the right to change the above class definition to include all locations owned or operated

by Elmhurst BMW or any other entity.

43. On information and belief, the class is so numerous that joinder of all individual members in one action would be impracticable.

44. On information and belief, there are more than 40 persons who are within the proposed class definition above.

45. On information and belief, Defendant has the names and addresses of the class members or access to the names and addresses of the class members.

46. Plaintiff's claims are typical of the claims of the class members.

47. Plaintiff's claims are based on the same legal theory and arise from the same unlawful conduct.

48. There are common questions of law and fact affecting members of the class, which common questions predominate over questions that may affect individual members. These include the following:

 a. Whether printing an electronically printed receipt with a credit or debit card's expiration date on it that is provided to the cardholder at the point of sales or transaction violates 15 U.S.C. § 1681c(g)(1);

 b. Whether Defendant's conduct complained of was knowing or reckless; and

 c. The amount of statutory damages Plaintiff and the class are entitled to.

49. Plaintiff will fairly and adequately represent the class members.

50. Plaintiff has no interests that conflict with the interests of the class members.

51. Plaintiff has retained experienced counsel in class action and consumer matters.

52. A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members.

53. Individual actions are not economically feasible and the class members are more than likely not aware that their rights have been violated.

WHEREFORE, Plaintiff requests this Honorable Court to enter judgment against Defendant and in favor of Plaintiff and the class for:

a. Statutory damages of no less than $100 no more than $1,000 per violation;

b. Attorney's fees and costs; and

c. Any other relief this Court deems as appropriate.

>Respectfully submitted,
>
>s/ Curtis C. Warner
>    Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
1400 E. Touhy Ave., Ste. 260
Des Plaines, IL 60018
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com

### NOTICE OF LIEN AND ASSIGNMENT OF ATTORNEY'S FEES

PLEASE TAKE NOTICE that Plaintiff has irrevocably assigned her rights to attorney's fees to her undersigned counsel who has taken a lien on such fees.

>Respectfully submitted,
>
>s/ Curtis C. Warner
>    Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
1400 E. Touhy Ave., Ste. 260
Des Plaines, IL 60018
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com

**DOCUMENT PRESERVATION DEMAND**

Please preserve copies of any receipt printed after notice of this lawsuit until the time the point of sales terminals software is changed. Please preserve all electronic data (including the settings or configuration) of the point of sale's software as it existed at the time of Defendant received notice of this lawsuit. Please preserve all of the names and addresses of persons who engaged in a credit or debit card transaction at Elmhurst BMW from Please preserve all documents related to Plaintiff's transactions with Elmhurst BMW.

        Respectfully submitted,

        s/ Curtis C. Warner
          Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
1400 E. Touhy Ave., Ste. 260
Des Plaines, IL 60018
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com