IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EMIGUELA PACI, | ) | |
| | ) | 14-cv-1158 |
| Plaintiff, | ) | |
| | ) | Hon. Sharon Johnson Coleman |
| v. | ) | |
| | ) | |
| ELMHURST AUTO WERKS, LTD, d/b/a | ) | |
| ELMHURST BMW, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT, ELMHURST AUTO WERK, LTD.'S
RULE 56.1(a) STATEMENT OF UNCONTESTED FACTS**

NOW COMES the Defendant, ELMHURST AUTO WERKS, LTD. d/b/a ELMHURST BMW, LTD., by and through its counsel, LANGHENRY, GILLEN, LUNDQUIST & JOHNSON, LLC, and for its statement of uncontested facts offered in support of its Motion for Summary Judgment pursuant to Local Rule 56.1 of the United States District Court for the Northern District of Illinois, states as follows:

1. The Plaintiff, EMIGUELA PACI, individually and on behalf of a proposed class (hereinafter referred to as the "Plaintiff") has filed her class action complaint, alleging violations of FACTA against Defendant[1]. Memorandum of Law in Support of Motion for Summary Judgment ("Memorandum"), Exhibit "A".

2. Specifically, the Plaintiff alleges that on February 11, 2014, the Plaintiff used her Visa debit card in regard to a "transaction" with Defendant, and Defendant's employee "provided Plaintiff an electronically printed receipt at the point of sale that contained her Visa debit card's expiration date." Memorandum, Ex. "A", ¶¶ 20 – 22.

---

[1] Plaintiff has subsequently filed her Motion to Amend Complaint, which is scheduled for presentation to the Court on April 3, 2014 at 11:00 a.m.

1

3. Plaintiff further alleges that on January 8, 2014, she used her Visa debit card in regard to a transaction with Defendant, and "on information and belief", Defendant "provided Plaintiff an electronically printed receipt at the point of sale that contained her Visa debit card's expiration date. Plaintiff cannot locate this receipt." Memorandum, Ex. "A", ¶¶ 23 – 24.

4. A true and accurate copy of the January 8, 2014 receipt alleged in the Plaintiff's Complaint is attached to the Defendant's Memorandum of Law in Support of its Motion for Summary Judgment as Exhibit "B". Memorandum, Ex. "B".

5. The January 8, 2014 receipt truncates all but the last four digits of the Plaintiff's Visa card, and does not contain the expiration date for the Plaintiff's Visa Card. Memorandum, Ex. "B".

6. A true and accurate copy of the February 11, 2014 "BMW Rental Agreement for Temporary Substitute Vehicle" is attached to the Defendant's Memorandum of Law in Support of its Motion for Summary Judgment as Exhibit "D" (the "BMW Rental Agreement"). Memorandum, Ex. "D".

7. The document that the Plaintiff contends constitutes "an electronically printed receipt at the point of sale that contained her Visa debit card's expiration date" is the same document as the "BMW Rental Agreement." Memorandum, Ex. "A", ¶¶ 20 – 22, Ex. "D".

8. Defendant, Elmhurst Auto Werks, Ltd. did not charge the Plaintiff for any of the goods, services, fuel, rates or supplies itemized in the attached BMW Rental Agreement from February 11, 2014 through the present, including but not limited to on the Visa card referenced in the "Method of Payment" section on the BMW Rental Agreement. Memorandum, Ex. "E", ¶ 5.

9.      Elmhurst Auto Werks did not charge the Plaintiff for any goods, services, fuel, rates or supplies on February 11, 2014, including but not limited to on the Visa card referenced in the "Method of Payment" section on the BMW Rental Agreement. Memorandum, Ex. "E", ¶ 6.

10.     Elmhurst Auto Werks did not issue a receipt to the Plaintiff or anyone else in conjunction with the attached BMW Rental Agreement, including but not limited to a receipt from a terminal for a point of sale or transaction. Memorandum, Ex. "E", ¶ 7.

11.     Elmhurst Auto Werks, Ltd. and/or Elmhurst Auto Group, Ltd. did not place a charge of any kind on the Visa card alleged in Plaintiff's Complaint on February 11, 2014. Memorandum, Ex. "E", ¶ 6.

12.     Elmhurst Auto Werks, Ltd. and/or Elmhurst Auto Group, Ltd. did not place a charge of any kind on the Visa card alleged in Plaintiff's Complaint after February 11, 2014. Memorandum, Ex. "E", ¶ 5.

13.     The Plaintiff, Emiguela Paci, did not sign the "BMW Rental Agreement". Memorandum, Ex. "D".

14.     The Plaintiff, Emiguela Paci, used the vehicle referenced in the "BMW Rental Agreement" free of any charge by Elmhurst Auto Werks, Ltd. and Elmhurst Auto Group, Ltd. Memorandum, Ex. "E", ¶ 7.

Respectfully submitted,
**ELMHURST AUTO WERKS, LTD.,**


By: s/ Christopher R. Dunsing
    One of Its Attorneys

Christopher R. Dunsing
Steven R. Johnson
Andrew R. Stuart
**Langhenry, Gillen, Lundquist & Johnson, LLC**
310 S. County Farm Road, Suite A
Wheaton, IL 60187
(630) 653-5980 (TEL)
Attorney ID No. 6291520
*Counsel for Defendant*

4

5

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that the foregoing Rule 56.1(a) Statement of Uncontested Facts and supporting documents referenced herein were filed and served through the ECF system with the United States District Court for the Northern District of Illinois for delivery to registered participants for the litigation in which said document has been filed.

By: s/ Christopher R.Dunsing
Christopher R. Dunsing, # 6291520
**Langhenry, Gillen, Lundquist & Johnson, LLC**
310 S. County Farm Road, Suite A
Wheaton, IL 60187
(630) 653-5980 (TEL)
*Counsel for Defendant*