IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EMIGUELA PACI, | ) | |
| | ) | 14-cv-1158 |
| Plaintiff, | ) | |
| | ) | Hon. Sharon Johnson Coleman |
| v. | ) | |
| | ) | |
| ELMHURST AUTO WERKS, LTD, d/b/a | ) | |
| ELMHURST BMW, LTD, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
L.R. 56.1 STATEMENT OF MATERIAL FACTS
&
PLAINTIFF'S L.R. 56.1 STATEMENT OF MATERIAL FACTS**

Plaintiff Emiguela Paci ("Plaintiff"), by and through her counsel hereby responds to Defendant Elmhurst Auto Werks, LTD, d/b/a Elmhurst BMW, LTD's ("Defendant" or "BMW") L.R. 56.1 Statement of Material Facts as Follows:

1. The Plaintiff, EMIGUELA PACI, individually and on behalf of a proposed class (hereinafter referred to as the "Plaintiff") has filed her class action complaint, alleging violations against Defendant (fn. 1 "Plaintiff has subsequently filed her Motion to Amend Complaint, which is scheduled for presentation to the Court on April 3, 2014, at 11:00 a.m.). Memorandum of Law in Support for Summary Judgment ("Memorandum"), Exhibit "A".

**RESPONSE: Admitted.**

2. Specifically, the Plaintiff alleges that on February 11, 2014, the Plaintiff sued her Visa debit card in regard to a "transaction" with Defendant, and Defendant's employee "provided Plaintiff an electronically printed receipt at the point of sale that contained her Visa debit card's expiration date." Memorandum, Ex. "A", ¶¶ 20-22.

**RESPONSE: Admitted.**

3. Plaintiff further alleges that on January 8, 2014, she used her Visa debit card in regard to a transaction with Defendant, and "on information and belief", Defendant "provided Plaintiff an electronically printed receipt at the point of sale that contained her Visa debit card's expiration date. Plaintiff cannon locate this receipt." Memorandum, Ex. "A", ¶¶ 23-24.

**RESPONSE: Admitted.**

4. A true and accurate copy of the January 8, 2014 receipt alleged in the Plaintiff's Complaint is attached to the Defendant's Memorandum of Law in Support of its Motion for Summary Judgment as Exhibit "B". Memorandum, Ex. "B".

**RESPONSE: Denied, as a matter of law in that the facts alleged in Paragraphs 23-24 of the Complaint, R. 1, are deemed admitted as "admissions on file."** *Modrowski v. Pigatto*, **712 F.3d 1166, 1170 (7th Cir. 2013)** (*quoting Celotex Corp. v. Catrett*, **477 U.S. 317, 324 (1986));** *Routes 202 & 309 & Novelties Gifts, Inc. v. Kings Men,* **11-5822, 2014 U.S. Dist. LEXIS 29446 (E.D. Pa. Mar. 7, 2014). Denied, that Exhibit B is the receipt that was provided to Plaintiff that Plaintiff lost, as the receipt attached as "Ex. B.", R. 23-1, PageID #100 is the "Merchant Copy" that was retained by Defendant.**

5. The January 8, 2014 receipt truncates all but the last four digits of the Plaintiff's Visa card, and does not contain the expiration date for the Plaintiff's Via Card. Memorandum, Ex. "B".

**RESPONSE: Denied, as a matter of law in that the facts alleged in Paragraphs 23-24 of the Complaint, R. 1, are deemed admitted as "admissions on file."** *Modrowski v. Pigatto*, **712 F.3d 1166, 1170 (7th Cir. 2013)** (*quoting Celotex Corp. v. Catrett*, **477 U.S. 317, 324 (1986));** *Routes 202 & 309 & Novelties Gifts, Inc. v. Kings Men,* **11-5822, 2014 U.S. Dist.**

**LEXIS 29446 (E.D. Pa. Mar. 7, 2014). Denied, that Exhibit B is the receipt that was provided to Plaintiff that Plaintiff lost, as the receipt attached as "Ex. B.", R. 23-1, PageID #100 is the "Merchant Copy" that was retained by Defendant.**

      6.      A true and accurate copy of the February 11, 2014 "BMW Rental Agreement for Temporary Substitute Vehicle" is attached to the Defendant's Memorandum of Law in Support of its Motion for Summary Judgment as Exhibit "D" (the "BMW Rental Agreement"). Memorandum, Ex. "D.".

      **RESPONSE: Admitted that the subject receipt is titled "BMW Rental Agreement for a Temporary Substitute Vehicle" and admitted that the first page, R. 23-1, PageID #:109 is a redacted copy of the February 11, 2014, subject receipt that Defendant provided to Plaintiff at the February 11, 2014 transaction. Denied that the second page, R.23-1, PageID #:110 is part of the subject receipt is titled "BMW Rental Agreement for a Temporary Substitute Vehicle". (Exhibit 1, Paci. Aff. ¶¶ 7-12; Exhibit A, Exhibit B, Exhibit C).**

      7.      The document that the Plaintiff contends constitutes "an electronically printed receipt at the point of sale that contained her Visa debt card's expiration date" is the same document as the "BMW Rental Agreement." Memorandum, Ex. "A", ¶¶ 20-22, Ex. "D".

      **RESPONSE: Admitted that the subject receipt is titled "BMW Rental Agreement for a Temporary Substitute Vehicle" and admitted that the first page, R. 23-1, PageID #:109 is a redacted copy of the February 11, 2014, subject receipt that Defendant provided to Plaintiff at the February 11, 2014"transaction. Admitted that the allegations above are set forth in Plaintiff's Complaint, but Plaintiff also states that the allegations are that the receipt was provided at the transaction that occurred on February 11, 2014. (R. 1, Complt.**

3

¶ 20-21, which are admitted as a matter of law). Denied that the second page, R.23-1, PageID #:110 is part of the subject receipt is titled "BMW Rental Agreement for a Temporary Substitute Vehicle". (Exhibit 1, Paci. Aff. ¶¶ 7-12; Exhibit A, Exhibit B, Exhibit C).

       8.     Defendant, Elmhurst Auto Werks, Ltd. did not charge the Plaintiff for any of the goods, services, fuel, rates or supplies itemized in the attached BMW Rental Agreement from February 11, 2014, through the present, including but not limited to on the Visa card referenced in the "Method of Payment" section on the BMW Rental Agreement. Memorandum, Ex. "E", ¶ 5.

**RESPONSE: Admitted that the subject receipt is titled "BMW Rental Agreement for a Temporary Substitute Vehicle" and admitted that the first page, R. 23-1, PageID #:109 is a redacted copy of the February 11, 2014, subject receipt that Defendant provided to Plaintiff at the February 11, 2014 transaction. Admitted that Plaintiff was not charged by Defendant related to the February 11, 2014 transaction. Denied that the second page, R.23-1, PageID #:110 is part of the subject receipt is titled "BMW Rental Agreement for a Temporary Substitute Vehicle". (Exhibit 1, Paci. Aff. ¶¶ 7-12; Exhibit A, Exhibit B, Exhibit C).**

       9.     Elmhurst Auto Werks did not charge the Plaintiff for any goods, services, fuel, rates, or supplies on February 11, 2014, including but not limited to on the Visa card reference in the "Method of Payment" section on the BMW Rental Agreement. Memorandum, Ex. "E", ¶ 6.

**RESPONSE: Admitted that the subject receipt is titled "BMW Rental Agreement for a Temporary Substitute Vehicle" and admitted that the first page, R. 23-1, PageID #:109 is a redacted copy of the February 11, 2014, subject receipt that Defendant provided**

to Plaintiff at the February 11, 2014 transaction. Admitted that Plaintiff was not charged by Defendant related to the February 11, 2014 transaction. Denied that the second page, R.23-1, PageID #:110 is part of the subject receipt is titled "BMW Rental Agreement for a Temporary Substitute Vehicle". (Exhibit 1, Paci. Aff. ¶¶ 7-12; Exhibit A, Exhibit B, Exhibit C).

    10.    Elmhurst did not issue a receipt to the Plaintiff or anyone else in conjunction with the attached BMW Rental Agreement, including but not limited to a receipt from a terminal for a point of sale or transaction. Memorandum, Ex. "E", ¶ 7.

    **RESPONSE: Denied as a matter of law in that the "BMW Rental Agreement" is "any receipt" under 15 U.S.C. § 1681c(g)(1) and it was provided "at the . . . transaction." Denied, that the receipt was not provided to Plaintiff and it is admitted as a matter of law that more than 40 other persons where provided a receipt that contained their payment card's expiration date. (R. 1, Complt. ¶¶ 41, 44);** *Modrowski v. Pigatto***, 712 F.3d 1166, 1170 (7th Cir. 2013) (***quoting Celotex Corp. v. Catrett***, 477 U.S. 317, 324 (1986));** *Routes 202 & 309 & Novelties Gifts, Inc. v. Kings Men,* **11-5822, 2014 U.S. Dist. LEXIS 29446 (E.D. Pa. Mar. 7, 2014).**

    11.    Elmhurst Auto Werks, Ltd. And or Elmhurst Auto Group, Ltd. did not place a charge of any kind on the Visa card alleged in Plaintiff's Complaint on February 11, 2014. Memorandum, Ex. "E", ¶ 6.

    **RESPONSE: Plaintiff objects to this request as it is not relevant to the question of law of whether the February 11, 2014, receipt is "any receipt" under 15 U.S.C. § 1681c(g)(1) and it was provided "at the . . . transaction." Subject to and without waiving the objections, admitted.**

5

12. Elmhurst Auto Werks, Ltd. And or Elmhurst Auto Group, Ltd. did not place a charge of any kind on the Visa card alleged in Plaintiff's Complaint after February 11, 2014. Memorandum, Ex. "E", ¶ 5.

**RESPONSE: Plaintiff objects to this request as it is not relevant to the question of law of whether the February 11, 2014, receipt is "any receipt" under 15 U.S.C. § 1681c(g)(1) and whether it was provided "at the . . . transaction." Subject to and without waiving the objections, admitted.**

13. The Plaintiff, Emiguela Paci, did not sign the "BMW Rental Agreement". Memorandum, Ex. "D".

**RESPONSE: Plaintiff objects to this request as it is not relevant to the question of law of whether the February 11, 2014, receipt is "any receipt" under 15 U.S.C. § 1681c(g)(1) and whether it was provided "at the . . . transaction." Subject to and without waiving the objections admitted that she did not sign the first page "BMW Rental Agreement", but denied in that she did not provide a signature for the transaction as she signed the second page of the document she was provided by Defendant at the February 11, 2014 transaction. (Exhibit 1, Paci. Aff. ¶¶ 7-12; Exhibit A, Exhibit B, Exhibit C).**

14. The Plaintiff, Emiguela Paci, used the vehicle referenced in the "BMW Rental Agreement" free of any charge by Elmhurst Auto Werks, Ltd. And Elmhurst Auto Group, Ltd. Memorandum, Ex. "E", ¶ 7.

**RESPONSE: Plaintiff objects to this request as it is not relevant to the question of law of whether the February 11, 2014, receipt is "any receipt" under 15 U.S.C. § 1681c(g)(1) and whether it was provided "at the . . . transaction." Subject to and without waiving the objection, admitted.**

**PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS**

Plaintiff submits the following additional material facts in response to Defendant's Motion for Summary Judgment and in Support of her Cross-Motion for Summary Judgment as follows:

**Parties**

1. Plaintiff is a natural person who resides in the State of Illinois. (R. 1, Complt. ¶ 11).

2. Defendant is an Illinois Corporation with its place of business located at 466 W. Lake Street, Elmhurst, Illinois. (R. 1, Complt. ¶¶ 12, 41).

**Jurisdiction and Venue**

3. This Court has jurisdiction over this action under 28 U.S.C. § 1331, federal question, as this action arises under the Fair Credit Reporting Act. 15 U.S.C. § 1681p.

4. Venue is proper in this district as the subject February 11, 2014 transaction occurred at 466 W. Lake Street, Elmhurst, Illinois. (R. 1, Complt. ¶¶ 12, 41).

**Material Facts**

5. Defendant accepts Visa and MasterCard branded credit and debit cards and American Express and Discover branded credit cards. (R. 1, Complt. ¶ 13).

6. Under the terms and conditions of Visa, MasterCard, Discover and American Express, Defendant is not to print a card's expiration date on any receipt in which a card is used. (R. 1, Complt. ¶ 14).

7. Defendant received the terms and conditions to which it is obligated to comply with to accept American Express and information that specifically referenced the Fair and Accurate Credit Transactions Act's requirement to mask credit card expiration dates. (R. 1,

Complt. ¶ 15).

8. Defendant received the terms and conditions to which it is obligated to comply with to accept American Express and information that specifically referenced the Fair and Accurate Credit Transactions Act's requirement to mask credit card expiration dates. (R. 1, Complt. ¶ 16).

9. Defendant would have been instructed by its acquiring bank that it was to read, review for changes to the terms and conditions, and abide by the terms and conditions of the current Visa and MasterCard operating regulations. (R. 1, Complt. ¶ 17).

10. Defendant at least two years prior to the filing of this lawsuit would have knowledge regarding FACTA's truncation requirements codified at 15 U.S.C. § 1681c(g)(1) . (R. 1, Complt. ¶ 18).

11. Defendant at least two years prior to the filing of this lawsuit would have received information regarding FACTA's truncation requirements codified at 15 U.S.C. § 1681c(g)(1) . (R. 1, Complt. ¶ 18).

12. Defendant Elmhurst BMW uses more than one cash register and/or other machines or devices that electronically print receipts for all credit card and debit card transactions. (R. 1, Complt. ¶ 19).

13. On February 11, 2014, Plaintiff used her Visa debit card in regard to her transaction with Defendant Elmhurst BMW. (R. 1, Complt. ¶ 20).

14. Plaintiff provided Defendant Elmhurst BMW employee her Visa debit card for the transaction. (R. 1, Complt. ¶ 21).

15. Defendant Elmhurst BMW's employee provided Plaintiff an electronically printed receipt at the transaction that contained her Visa debit card's expiration date. (R. 1, Complt. ¶

22).

16. On or about January 8, 2014, Plaintiff used her Visa debit card in regard to her transaction with Defendant Elmhurst BMW. (R. 1, Complt. ¶ 23).

17. In regard to the January 8, 2014 transaction, Defendant Elmhurst BMW provided Plaintiff an electronically printed receipt at the point of sale that contained her Visa debit card's expiration date. (R. 1, Complt. ¶ 24).

18. The printing of an expiration date on receipts by Defendant is an intentional act as it required its point of sale software to be programmed to read the expiration date from credit and debit cards' magnetic strip and to cause the point of sale terminal to print the card's expiration date on the receipts. (R. 1, Complt. ¶ 25).

19. The inclusion of the payment card's expiration date increases the risk of the payment card being compromised. (R. 1, Complt. ¶ 26).

20. The suppression of the payment card's expiration date on electronically printed receipts is to help prevent a payment card from being compromised. (R. 1, Complt. ¶ 27).

21. Most of Defendant's business peers and other merchants properly suppress the payment card's expiration date on electronically printed receipts provided to cardholders at the point of sales, the requirement not to print a payment card's expiration date on electronically printed receipts provided to cardholders at the point of sale or transaction was known or obvious to Defendant. (R. 1, Complt. ¶ 28).

22. In regard to the BMW, X3 xDrive35i, VIN 5UXWX7C5XE0E77095, a true and correct copy of the document that Defendant provided Plaintiff on February 11, 2014, is attached as Exhibit A of Plaintiff's Affidavit. (Exhibit 1, Paci Aff. ¶¶ 7-12, Ex. A); (See R. 1, Complt. ¶ 20-22).

9

23. Defendant provided the document, Exhibit A attached to Plaintiff's affidavit, Exhibit 1, at Defendant's store located on Lake Street in Elmhurst, Illinois. (Exhibit 1 Paci Aff. ¶¶ 7-12, Ex. A); (See R. 1, Complt. ¶ 41).

24. The original, of the copy Exhibit A attached to Plaintiff's Affidavit, was electronically printed by Defendant. (Exhibit 1, Ex. A); (R. 1, Complt. ¶ 19).

25. On February 11, 2014, Defendant provided Plaintiff a BMW, X3 xDrive35i, VIN 5UXWX7C5XE0E77095. (Exhibit 1, Ex. A).

26. The BMW, X3 xDrive35i, VIN 5UXWX7C5XE0E77095 has monetary value. (Exhibit 2).

27. Being permitted to use the BMW, X3 xDrive35i, VIN 5UXWX7C5XE0E77095 has monetary value. *See* (Exhibit 2).

28. Plaintiff was not permitted to keep the BMW, X3 xDrive35i, VIN 5UXWX7C5XE0E77095 beyond 24 hours without incurring charges to her credit card. (Exhibit 1, Ex. A).

29. In receiving the BMW, X3 xDrive35i, VIN 5UXWX7C5XE0E77095, Plaintiff had agreed to Defendant's terms and conditions set forth in Exhibit A attached to Exhibit 1. (Exhibit 1, Ex. A).

30. In order to receive the BMW, X3 xDrive35i, VIN 5UXWX7C5XE0E77095, on February 11, 2014, Plaintiff was required to agree to Defendant's terms and conditions for a loaner vehicle. *See* (Exhibit 1, Ex. A).

31. Plaintiff had agreed in writing to Defendant's terms and conditions that permitted her to receive the BMW, X3 xDrive35i, VIN 5UXWX7C5XE0E77095, on February 14, 2014. (Exhibit 1, Ex. A).

32. If Plaintiff had breached Defendant's terms and conditions regarding her use of the BMW, X3 xDrive35i, VIN 5UXWX7C5XE0E77095, her credit card provided Defendant would be charged in accordance to the terms and conditions she agreed to. (Exhibit 1, Ex. A).

33. Receipts can contain contractual language. (Exhibit 1, Ex. A); (Exhibit 3).

34. The United States has formally taken the position that there is liability under 15 U.S.C. § 1681c(g)(1) for printing a credit or debit card's expiration date on electronically printed receipts after June 3, 2008. *Hepokoski v. Brickwall of Chicago*, 09 C 611, Doc. 37, Response of the United States in Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss, (N.D. Ill. June 23, 2009); (R. 1, Complt. ¶ 3).

35. The law is clear that a cardholder's card's expiration date is not to be printed on an electronically printed receipt provided to the cardholder at the point of sale. *Todd v. Target Corp.*, 10 C 5598, 2012 U.S. Dist. LEXIS (N.D. Ill. Mar. 30, 2012), *Pirian v. In-N-Out Burgers*, 06-1251, 2007 U.S. Dist. LEXIS 25384, *8 (C.D. Cal. Apr. 5, 2007); accord, *Iosello v. Leiblys, Inc.*, 502 F.Supp.2d 782 (N.D. Ill. 2007); *Follman v. Hospitality Plus of Carpentersville, Inc.*, 07 C 2934, 2007 U.S. Dist. LEXIS 77440 (N.D. Ill., Oct. 17, 2007); *Follman v. Village Squire, Inc.*, 07 C 3767, 2007 U.S. Dist. LEXIS 92585 (N.D. Ill., Dec. 18, 2007); *Korman v. Walking Co.*, 503 F. Supp. 2d 755 (E.D. Pa. 2007); *Ramirez v. MGM Mirage, Inc.*, 2:07-CV-00326-PMP-PAL, 2007 U.S. Dist. LEXIS 95254 (D. Nev. Dec. 3, 2007); (R. 1, Complt. ¶ 7).

36. The Credit and Debit Card Receipt Clarification Act of 2007, codified at 15 U.S.C. § 1681c(g)(1) made it clear that after June 3, 2008, credit and debit cards' expiration dates where not to be printed on any electronically printed receipt provided to cardholders at the point of sales or transaction. 15 U.S.C. § 1681n(d); (R. 1, Complt. ¶ 8).

37. "FACTA was intended to 'protect consumers from identity thieves' and 'to limit

11

the number of opportunities for identity thieves to 'pick off' key card account information.'"

*Barbieri v. Redstone Am. Grill, Inc.*, 07 C 5758, 2009 U.S. Dist. LEXIS 9309 * 3-4 (N.D. Ill. Feb. 6, 2009) (*quoting* S. Rep. No. 108-166, at 3 (2003)); *See also Cicilinnev. Jewel Food Stores, Inc.*, 542 F. Supp. 2d 831 (N.D. Ill. 2008); *see also Harris v. Mexican Specialty Food, Inc.*, 564 F.3d 1301, 1306 (11th Cir. 2009)); (R. 1, Complt. ¶ 2).

                              Respectfully submitted,

                              <u>s/ Curtis C. Warner</u>
                                Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
1400 E. Touhy, Ste. 425
Des Plaines, IL 60018
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com