**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EMIGUELA PACI, | ) | |
| | ) | 14-cv-1158 |
| Plaintiff, | ) | |
| | ) | Hon. Sharon Johnson Coleman |
| v. | ) | |
| | ) | |
| ELMHURST AUTO WERKS, LTD, d/b/a | ) | |
| ELMHURST BMW, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO**
**WITHDRAW MOTION FOR SUMMARY JUDGMENT**
**AND FILE ANSWER TO PLAINTIFF'S COMPLAINT**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 6(b)(1)(B)**

NOW COMES the Defendant, ELMHURST AUTO WERKS, LTD. d/b/a ELMHURST BMW, LTD., by and through its counsel, LANGHENRY, GILLEN, LUNDQUIST & JOHNSON, LLC, and pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), moves this Honorable Court for entry of an order granting it leave to withdraw its Motion for Summary Judgment and file its Answer to Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), and in support, states as follows:

**STATEMENT OF FACTS**

1.      On February 18, 2014, Plaintiff, EMIGUELA PACI ("Plaintiff") filed this Complaint, alleging violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"). Doc. 1. Plaintiff's Complaint alleges that on February 11, 2014, Defendant ELMHURST AUTO WERKS, LTD. d/b/a ELMHURST BMW, LTD. ("Defendant") issued a receipt to Plaintiff that contained her Visa debit card's expiration date in violation of FACTA. Doc. 1, ¶¶ 20 – 22, 35. Plaintiff's Complaint further alleges that "upon

1

information and belief", on January 8, 2014, she was provided with a receipt containing her Visa debit card's expiration date. Doc. 1, ¶¶ 24, 36.

2.     On March 3, 2014, counsel for Defendants, Steven R. Johnson, Christopher R. Dunsing and Andrew Stuart appeared for the Defendant, ELMHURST AUTO WERKS, LTD. d/b/a ELMHURST BMW, LTD. ("Defendant"). Docs. 9 through 11.

3.     On March 4, 2014, Defendant timely moved for an extension of time to respond to the Plaintiff's Complaint. Defendant's response was due to be filed on March 11, 2014. Doc. 12.

4.     On March 12, 2014, this Honorable Court granted Defendant's motion for an extension of time, and granted Defendant up to and including April 1, 2014 to respond to the Plaintiff's Complaint. Doc. 15.

5.     On March 24, 2014, Plaintiff filed a motion to amend her complaint. The proposed Complaint eliminated the allegations pertaining to the January 8, 2014 receipt and added an additional defendant, "Elmhurst Auto Group, Ltd." Doc. 16 and 16-1 (Appendix). The motion was noticed to be presented on April 3, 2014. Doc. 19.

6.     On April 1, 2014, Defendant timely filed its response to the Plaintiff's Complaint, in the form of its Motion for Summary Judgment, Memorandum of Law in Support of its Motion for Summary Judgment and Rule 56.1 Statement of Facts. Docs. 21 through 24. The basis of the motion for summary judgment is that (a) the January 8, 2014 receipt did not contain the expiration date for Plaintiff's Visa debit card because that expiration date was truncated and (b) the February 11, 2014 "receipt" was not actionable under FACTA. Docs. 21 through 24. In support of its motion, Defendant submitted two affidavits by its President, Brian Schiele. Doc. 23-1, Ex. "C" (pp. 13- 19) and Ex. "E" (pp. 23 – 28).

7.      On April 2, 2014, Plaintiff filed a "notice of withdraw of motion to amend complaint". Doc. 25.

8.      On April 3, 2014, this Honorable Court entered an order withdrawing Plaintiff's motion for class certification by stipulation and entering a briefing schedule on Defendant's motion for summary judgment.  Doc. 28.

9.      On May 16, 2014, Plaintiff filed her Memorandum in Opposition to Defendant's Motion for Summary Judgment and Cross-Motion for Summary Judgment.  Docs. 32 and 33.  Plaintiff argues that:

> BMW did not file an answer, but instead elected to file its Rule 56 motion. Therefore, as a matter of law, all of Plaintiff's factual allegations in the Complaint, R. 1, are deemed admitted.  *Modrowski*, 712 F.3d at 1170 (*quoting Celotex*, 477 U.S. at 324) (noting that the same strategy used by BMW here of filing a Rule 56 motion without answering the complaint, is an "unorthodox strategy" and "risky" as all a plaintiff needs to do is point to the "'admissions on file' to support his allegations."); *Routes 202 & 309 & Novelties Gifts, Inc.*, 2014 U.S. Dist. LEXIS 29446 * 25-26 (E.D. Pa. Mar. 7, 2014) (holding that when a party so notes "the 'admissions on file' contained within the unanswered" allegations against the opposing party, all factual allegations are deemed admitted for the purposes of a Rule 56 motion).

> Doc. 33, p. 3.

10.      Similarly, Plaintiff's Response to Defendant's Rule 56.1 Statement of Material Facts denies allegations because "as a matter of law in that the facts alleged in […] the Complaint, R. 1, are deemed admitted as "admissions on file." *Modrowski v. Pigatto*, 712 F.3d 1166, 1170 (7th Cir. 2013) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *Routes 202 & 309 & Novelties Gifts, Inc. v. Kings Men*, 11-5822, 2014 U.S. Dist. LEXIS 29446 (E.D. Pa. Mar. 7, 2014).  Doc. 34.

## APPLICABLE LAW

11.      Federal Rule of Civil Procedure 12(b)(6) provides, in part:

"How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: […] (6) failure to state a claim upon which relief can be granted."

12.    Federal Rule of Civil Procedure 12(d) provides:

"(d) Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

13.    Federal Rule of Civil Procedure 12(h)(2) provides:

"When to Raise Others. Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:

      (A) in any pleading allowed or ordered under Rule 7(a);

      (B) by a motion under Rule 12(c); or

      (C) at trial."

14.    Federal Rule of Civil Procedure 6(b)(1)(B) states, in part, as follows:

(b) Extending Time.

      (1)    In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

      […]

      (B)    on motion made after the time has expired if the party failed to act because of excusable neglect.

F. R. Civ. P. 6(b)(1)(B).

15.    For purposes of Fed. R. Civ. P. 60(b), "excusable neglect" encompasses situations in which the failure to comply with a filing deadline is attributable to negligence. The determination of what amounts to "excusable neglect" under Rule 60(b) is an equitable one, taking account of all the relevant circumstances surrounding the party's omission. These include the danger of prejudice to the parties, the length of the delay, and its potential impact on judicial proceedings, the reasons for the delay, including whether it is within the reasonable control of the movant, and whether the movant acted in good faith.

16.    In *Raymond v. Ameritech Corp.*, 442 F.3d 600, (7th Cir. 2006), the Seventh Circuit noted that "the Supreme Court broadly defined 'excusable neglect.'"

> "We have held that *Pioneer* applies whenever "excusable neglect" appears in the federal procedural rules. See *United States v. Brown*, 133 F.3d 993, 996 (7th Cir. 1998) (applying *Pioneer* to Federal Rule of Appellate Procedure 4(b)); *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997) (applying *Pioneer* to Rule 60(b)(1)); *Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir. 1996) ("The tenor of [*Pioneer*] is that the term [excusable neglect] bears the same or similar meaning throughout the federal procedural domain.") (citation omitted).

> Rule 6(b)(2) gives courts discretion in most situations to forgive missed deadlines by reason of "excusable neglect." Hence, our standard of review of the district court's refusal to make such a finding is abuse of discretion. In *Pioneer*, the Court held that the standard for review of a rejection of excusable neglect:

> 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'

> *Pioneer*, 507 U.S. at 395 (citation omitted)."

## REQUEST FOR LEAVE TO WITHDRAW MOTION AND FILE ANSWER

17.    Plaintiff's Response to Defendant's Motion for Summary Judgment argues that because Defendant filed their motion for summary judgment as its response to the Plaintiff's Complaint, the allegations of the Plaintiff's Complaint are deemed admitted for the purposes of its motion.

5

Doc. 33.  Plaintiff further asserts in its cross-motion for summary judgment that such allegations are deemed admitted for the purposes of the motion.  Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment and Plaintiff's Memorandum in Support of Her Cross-Motion for Summary Judgment ("Plaintiff's Response and Motion for Summary Judgment"), Doc. 33, p. 3.  Defendant requests leave to withdraw its Motion for Summary Judgment and correct any technical error by filing its answer, *instanter*, denying the allegations of the Plaintiff's Complaint, then proceeding with its Motion for Summary Judgment on the merits.  A copy of the proposed Answer is attached hereto as Exhibit "A".

18.     Defendant's counsel filed its response to the Plaintiff's Complaint as a motion for summary judgment because it was premised on two affidavits of the Defendant's President, Brian Schiele.  Doc. 23-1, Ex. "C" (pp. 13- 19) and Ex. "E" (pp. 23 – 28).  Doc. Rule 12(d) provides, in part: "If, on a motion under Rule 12(b)(6) or12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  F. R. Civ. P. 12(d).  Upon filing its answer to the Plaintiff's Complaint, *instanter*, Defendant will re-file its motion and the briefing schedule previously set by this Court on Defendant's Motion for Summary Judgment can remain intact.

19.     Pleadings should be allowed to be withdrawn to allow full presentation of the merits of the case.  *Bell & Howell Acceptance Corp. v. Sellers Sales & Service, Inc*., 1992 U.S. Dist. LEXIS 737, 9 (N.D. Ill. Jan. 27, 1992), discussing withdrawal of response to request for admission.  A copy of the Bell decision is attached to this Memorandum as Exhibit "C". "Defendant's proposed response, which denies many of the matters previously admitted, and its factual submissions on other issues, such as the motion to transfer and plaintiff's motion for summary judgment, demonstrate that the supposedly admitted matters are actually disputed.

Forbidding withdrawal and allowing plaintiff the benefit of the default admissions would result in a windfall victory for plaintiff in a case in which the matters at issue were never properly addressed." Id.

20.    Plaintiff has also filed her renewed Motion for Class Certification, alleging "as a matter of law, Defendant has admitted all facts within the Complaint by choosing not to answer the Complaint, but to move for summary judgment instead.  Doc. 30, p. 2.  Plaintiff seeks a defaulted ruling on her Motion for Class Certification, which is deeply prejudicial to the Defendant.

21.    Defendant timely filed a response to Plaintiff's Complaint in compliance with this Court's March 12, 2014 Order (Doc. 15), however, to the extent that this Court determines that Defendant's request for leave to file its answer is untimely, Defendant asserts said delay is "excusable neglect" under Rule 6(b)(1)(B).

22.    The danger of prejudice to Defendant is great if this motion is not granted.  Plaintiff's Response to Defendant's Motion for Summary Judgment and Cross-Motion for Summary Judgment has cited case law standing for the proposition that filing a Rule 56 Motion without first filing an answer results in all of "Plaintiff's factual allegations in the Complaint" being deemed admitted for the purpose of the motions.  Plaintiff's Response and Motion for Summary Judgment, Doc. 33, p. 3, citing *Modrowski v. Pigatto*, 712 F.3d 1166 (7th Cir. 2012).

23.    In *Modrowski*, the defendants moved for summary judgment, which was granted by the district court and ultimately affirmed by the Seventh Circuit Court of Appeals.  *Modrowski*, 712 F.3d. 1166 (7th Cir. 2012).  In affirming the summary judgment ruling in favor of the defendants, the Court noted "[t]he defendants' unorthodox strategy of responding to Modrowski's first amended complaint with a motion for summary judgment, unaccompanied by **any other**

**responsive pleading**, was thus risky, because Modrowski could have pointed to 'admissions on file' to support his allegations. See *Celotex*, 477 U.S. at 324. Modrowski has the burden of presenting these arguments to the district court, however, he failed to do so." *Modrowski*, 712 F.3d at 1170. Emphasis Added.

24.     Moreover, one of the Plaintiff's allegations is "on January 8, 2014, Defendant Elmhurst BMW provided Plaintiff an electronically printed receipt at the point of sale that contained her Visa debit card's expiration date." Plaintiff's Response and Motion for Summary Judgment, Doc. 33, p. 3. On March 21, 2014, Defendants' counsel provided the Plaintiff's counsel with a copy of the "January 8, 2014 'receipt'", which contained a truncated expiration date. See the Affidavit of Steven R. Johnson, attached hereto as Exhibit "B". Plaintiff's counsel acknowledged that he may amend the Plaintiff's Complaint based on this information. Ex. "B". Thereafter, on March 24, 2014, Plaintiff filed her motion to amend the complaint, removing allegations of the January 8, 2014 receipt because it complied with FACTA. Defendant's Motion for Summary Judgment is premised, in part, on the fact that the expiration date on the January 8, 2014 "receipt" is properly truncated in compliance with FACTA. Docs. 21 through 25. Allowing the Plaintiff to prevail on the motions based on factual allegations that are actually disputed would allow a "windfall victory." It would be deeply prejudicial to the Defendant to now deem those allegations of the Plaintiff's original Complaint admitted. *Bell & Howell Acceptance Corp. v. Sellers Sales & Service, Inc.*, 1992 U.S. Dist. LEXIS 737, 9 (N.D. Ill. Jan. 27, 1992).

26.     Conversely, there is no prejudice to the Plaintiff. Plaintiff's current Memorandum in Support of Class Certification [Doc. 30] is virtually identical to those filed by the Plaintiff on February 18, 2014 [Doc. 5], re-filed by the Plaintiff on March 24, 2014 [Doc. 17] and withdrawn

on April 3, 2014 by agreed stipulation [Doc. 28]. Plaintiff's position on summary judgment as to the nature of the "receipts" will remain unchanged, and granting Defendant's motion will allow a technical defect to be corrected while allowing the proceedings to continue on the substantive merits.

27.     The length of delay in filing the answer has not delayed the proceedings. Defendant was to respond to the Plaintiff's Complaint on or before April 1, 2014 by court order. Doc. 15. Defendant did timely file its Rule 56 Motion for Summary Judgment in response to the Plaintiff's Complaint on April 1, 2014. Defendant originally intended on filing a Rule 12(b)(6) Motion to Dismiss, however, it instead filed a Rule 56 Motion for Summary Judgment because its motion required the affidavits of Brian Schiele to address the Plaintiff's Complaint. Federal Rule of Civil Procedure 12(d) provides that "if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." F. R. Civ. Pro. R. 12(d).

28.     In addition, Plaintiff specifically stated in her March 24, 2014 Motion to Amend Complaint that "during the March 21, 2014 conversation between counsel, Mr. Johnson indicated that Defendant would be filing a motion to dismiss Plaintiff's claim on the February 11, 2014, transaction." Doc. 16, ¶ 4. Defendant's counsel has consistently maintained to Plaintiff's counsel that the Defendant intended on filing a dispositive motion in response to the Complaint, and that it was disputing the merits of the Plaintiff's Complaint. Id. Defendant's withdraw of the motion for summary judgment, filing of an answer and filing of the same motion for summary judgment, solely to avoid technical defaults or admissions, should not prejudice the Plaintiff, and the same briefing schedule can remain intact.

29.     This request will not substantially delay these proceedings, and is requested in good faith. Defendant will continue to proceed on arguments offered in its motion for summary judgment. Plaintiff's arguments on whether the February 11, 2014 document constitutes a "receipt" will remain intact, and Plaintiff will now only have to address the allegations of the Defendant's motion regarding the January 8, 2014 receipt on the merits.  The Plaintiff was prepared to move forward on an amended complaint absent the allegations regarding the January 8, 2014, as demonstrated by its Motion to Amend Complaint.  Docs. 16 and 16-1.  No discovery has been conducted or propounded by the parties, and the parties filed the subject motions to efficiently dispose of the relevant issues in this case without the need for protracted litigation.

30.     Defendant has attached its proposed answer to the Plaintiff's Complaint as Exhibit "A" to this Motion.  Defendant will re-file its Motion for Summary Judgment immediately thereafter, to avoid technical defaults or admissions, and the Court may keep the same briefing schedule intact.

        WHEREFORE, the Defendant, ELMHURST AUTO WERKS, LTD. d/b/a ELMHURST BMW, LTD., by and through its attorneys, LANGHENRY, GILLEN, LUNDQUIST & JOHNSON, LLC, moves this Honorable Court for entry of an order:

   a.  granting it leave to withdraw its April 1, 2014 Motion for Summary Judgment, Memorandum of Law in Support of its Motion for Summary Judgment and Rule 56.1 Statement of Facts (Docs. 21 through 24);

   b.  granting it leave to file its Answer to the Plaintiff's Complaint, attached hereto as Exhibit "A", pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), *instanter*;

   c.  granting it leave to re-file its Motion for Summary Judgment, Memorandum of Law in Support of its Motion for Summary Judgment and Rule 56.1 Statement of Fact, *instanter*;

d. retaining the briefing schedule entered on Defendant's Motion for Summary Judgment on April 3, 2014 (Doc. 28) or alternatively, if Plaintiff requires additional time to amend or revise its Response in Opposition to Defendant's Motion for Summary Judgment and/or Response to Defendant's Rule 56.1 Statement of Facts, granting the Plaintiff such additional time; and

e. Such other relief as this Honorable Court deems just and equitable.

Respectfully submitted,

**ELMHURST AUTO WERKS, LTD. d/b/a ELMHURST BMW, LTD.,**

By: _s/ Christopher R. Dunsing_____
       One of Its Attorneys

Christopher R. Dunsing
Steven R. Johnson
Andrew R. Stuart
**Langhenry, Gillen, Lundquist & Johnson, LLC**
310 S. County Farm Road, Suite A
Wheaton, IL 60187
(630) 653-5980 (TEL)
Attorney ID No. 6291520
*Counsel for Defendant*

11