IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EMIGUELA PACI, | ) | |
| | ) | 14-cv-1158 |
| Plaintiff, | ) | |
| | ) | Hon. Sharon Johnson Coleman |
| v. | ) | |
| | ) | Hon. Young B. Kim |
| ELMHURST AUTO WERKS, LTD, | ) | |
| d/b/a ELMHURST BMW, LTD, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT AND APPROVAL OF NOTICE PLAN**

NOW COMES Plaintiff Emiguela Paci ("Plaintiff"), by and through her counsel, and move this Honorable Court to grant preliminarily approval to the Parties' Settlement Agreement and to approve the proposed class notice plan. A copy of the Parties' Settlement Agreement and exhibits referred to therein, are attached hereto as Appendix 1, the ("Agreement").

In support of this motion, the Parties state:

1. This matter was brought by Plaintiff, individually and on behalf of a class of persons defined in the Complaint, as Amended, alleging that Defendant Elmhurst Auto Werks, LTD, d/b/a Elmhurst BMW, LTD ("Defendant") had willfully violated the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"). Specifically, Plaintiff claims that Defendant willfully violated 15 U.S.C. § 1681c(g)(1) in that Plaintiff received from Defendant a computer-generated receipt at an in store transaction which displayed Plaintiff's credit card's expiration date after the do not print the expiration date requirement of 15 U.S.C. § 1681c(g)(1) was received by, known or should have been known by Defendant.

2. Plaintiff, individually and behalf of a class, sought statutory damages in the amount of $100 to $1,000 per willful violation. Plaintiff did not seek any actual damages beyond the amount provided as statutory damages either individually or on behalf of a class.

3. After the filing of the Complaint, the Parties engaged in extensive motion practice, including each moving for summary judgment. While the Defendant's motion to dismiss and Plaintiff's motions, including her motion to certify a class, were pending, this Court referred this case to Magistrate Judge Kim to hold a settlement conference.

4. The parties subsequently had a telephonic conference and two face-to-face settlement conferences with Magistrate Judge Kim, including the September 22, 2014, settlement conference attended by Plaintiff and Defendant's Vice President personally, which ultimately resulted in the Agreement which is now before the Court to approve.

5. Defendant denies liability to Plaintiff and the class for the claims alleged herein but considers it desirable that the action and the claims alleged therein be settled.

6. The Parties desire to settle the action based upon the terms and conditions set forth in the Settlement Agreement executed by the Parties, attached hereto as <u>Appendix 1</u>, which include the exhibits, each subject to Court approval as follows: (A) Class Notice; (B) Claim Form; (C) Preliminary Approval Order; and (D) Final Approval Order.

7. For settlement purposes only, the Parties have stipulated to the certification of a settlement class defined as:

> All persons to whom Elmhurst Auto Werks, LTD, provided a form document titled, "BMW Rental Agreement for a Temporary Substitute Vehicle" between February 18, 2012 and February 18, 2014 that displayed the cardholder's payment card's expiration date.
>
> Excluded from this class definition are corporate and business entities, any judge of this Court involved in this case, and all attorneys of record for any party to this Agreement.

Defendant has reviewed its documents and has tallied a total of 2,638 persons who received a free loaner vehicle(s) during the settlement period.

8. For settlement purposes only the class as defined above meets all the requirements of Rule 23. Specifically:

(a) Class members are ascertainable and so numerous that joinder of all members is impracticable. During the class time period 2,638 persons received a free loaner vehicle(s) during the settlement period for which a document titled, "BMW Rental Agreement for a Temporary Substitute Vehicle" would have been electronically printed and provided to Defendant's customer;

(b) There are questions of law or fact common to the Class, and there is a well-defined community of interest among Class members with respect to the subject matter of the Litigation;

(c) The claims of Plaintiff are typical of the claims of Class members;

(d) Plaintiff has fairly and adequately protected the interests of the Class

(e) A class action is superior to other available methods for an efficient adjudication of this controversy; and

(f) Curtis C. Warner of Warner Law Firm, LLC is qualified to serve as counsel for the Class.

9. Counsel for Plaintiff and Defendant have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the protracted nature of the litigation and the likelihood, costs and possible outcome of one or more procedural and substantive appeals. Based on their review and analysis, Plaintiff and Defendant entered into the Settlement Agreement.

10. Pursuant to the Settlement Agreement, the Parties have agreed to the settlement of this action on the material terms as follows: (1) Defendant shall establish a common settlement fund of $190,000.00 (one hundred ninety thousand dollars) (the "Common Fund") from which all monies to the class members, Plaintiff's award and attorney's fees and costs shall be paid out of; (2) Each Class Member who makes a submits a valid and timely claim will receive $50 cash[1]; (3) Subject to the Court's approval, Plaintiff will receive $2,500 as her damages and service representing the class, notably attending a settlement conference; (4) Subject to the Court's approval, Plaintiff's counsel will receive $47,500 as attorney's fees and costs, and amount that represents 1/3 of the Common Fund. Defendant will pay the costs of administration separately from the Common Fund. Finally, any monies from uncashed checks after the void date or that remain in the Common Fund will revert back to Defendant.

11. Defendant maintains records of the contact information for each class member and therefore notice shall be given to the class members by U.S. Mail, in the form substantially similar to <u>Exhibit A</u> within 28 days after the Court's entry of an Order preliminarily approving the Agreement. The Claim Form, <u>Exhibit B</u>, will also be sent with the Notice.

12. The parties and their counsel believe that settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable and adequate, and would be in the best interests of the members of the Class.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order Preliminarily Approving the Class Action Settlement which:

(i) Grants preliminary approval of the purposed settlement;

(ii) Approves and orders the direct notice as set forth in the Settlement Agreement;

---

[1] The $50 cash will be sent by the Claims Administrator in the form of a check.

4

(iii)  Appoints Plaintiff as the class representative;

(iv)  Appoints Curtis C. Warner of Warner Law Firm, LLC as class counsel;

(v)  Sets dates for opt outs and objections; and

(vi)  Schedules a hearing for final approval of the class settlement in January 2015.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
350 S. Northwest HWY, Ste. 300
Park Ridge, IL 60068
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com