IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EMIGUELA PACI, | ) | |
| | ) | 14-cv-1158 |
| Plaintiff, | ) | |
| | ) | Hon. Sharon Johnson Coleman |
| v. | ) | |
| | ) | Hon. Young B. Kim |
| ELMHURST AUTO WERKS, LTD, | ) | |
| d/b/a ELMHURST BMW, LTD, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, DIRECTING THE DISSEMINATION OF NOTICE AND
SCHEDULING A FINAL SETTLEMENT HEARING**

This matter coming before the Court on the Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("Settlement") and Notice to the Class between Plaintiff Emiguela Paci ("Plaintiff") and Elmhurst Auto Werks, LTD, d/b/a Elmhurst BMW, LTD ("Defendant") collectively (the "Parties").

The Court finds as follows:

I. That the Settlement was reached by the Parties through arm's-length negotiations after meeting in person with Magistrate Judge Young B. Kim. The Court finds that the establishment of common settlement fund sufficient to pay each class member $50 (fifty dollars), the amount of Plaintiff's Award of $2,500 (two thousand five hundred dollars), and the amount of attorney's fees and costs in the amount of $47,500 (forty-seven thousand five hundred dollars), that amount being 25% of the common settlement fund, with the reversion of any settlement funds and uncashed class member checks are reasonable. The Court further finds that the requirement that the costs of

notice and costs of administration be paid by Defendant out of the common settlement fund is reasonable.

II. That the Parties have presented this Court a plan to provide Direct Notice to the Settlement Class Members by US Mail explaining the terms of the settlement along with the various options those Class Members have, including the right for the Class Members to exclude themselves by opting out or filing an objection to be reasonable. The Court finds that the notice plan above is consistent with Federal Rule of Civil Procedure 23(c)(2)(B).

III. The terms used in this Order reflect the meaning of the terms set forth in the Settlement Agreement.

The Court finds that the proposed settlement is within the range of fairness and reasonableness and therefore meets the requirements for preliminary approval.

Good cause appearing and therefore, **IT IS HEREBY ORDERED**:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court conditionally certifies the following Class, for settlement purposes only, defined as:

> All persons who Elmhurst Auto Werks, LTD. provided a form document titled, "BMW Rental Agreement for a Temporary Substitute Vehicle" that displayed the cardholder's payment card's expiration date between February 18, 2012 and February 18, 2014.

Excluded from this class definition are corporate and business entities.

2. The Court appoints Curtis C. Warner as class counsel ("Class Counsel").

3. The Court appoints Emiguela Paci as the Class Representative.

4. On or before 10 days after the entry of this Order, Defendant shall comply with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b) and Defendant shall file with the Court proof of compliance of the notice

2

requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

     5.     The Court approves the notice and enters the following order:

     a.     On, October 27, 2014, that date being 28 days from the entry of this Order, (the "Notice Date"), Notice substantially in the form of <u>Exhibit A</u> and the claim form, Exhibit B, attached to the settlement agreement shall be mailed to the Class Members;

     b.     On or before, December 12, 2014, that being 45 days from the Notice Date (73 days from the entry of this Order), Class Members who desire exclusion from the action must file a request for exclusion with the Clerk of the Court and may, if they choose, serve copies of the request upon class counsel and counsel for Defendant.

     c.     On or before, December 12, 2014, that being 45 days from the Notice Date (73 days from the entry of this Order), Class Members who wish to object to the settlement must submit the objection to the Clerk of the Court. Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed settlement is not in the best interests of the class and include any documentation that supports the objections. Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of the settlement. Objections will be considered by the Court without the objector appearing at the fairness hearing.

     d.     On or before **January 5, 2015**, any objector or attorney representing an objector must file their appearance in this matter.

     e.     On or before **January 5, 2015**, Plaintiff and/or Defendant may file a memorandum in support of the Settlement prior to the fairness hearing.

    f. A hearing on the fairness and reasonableness of the Settlement and whether final approval shall be given to it and the requests for fees and expenses by class counsel will be held before this Court on **January 16, 2015**, at 9:30 a.m.

    g. Providing that, pending the Fairness Hearing and the Effective Date, Plaintiff, and all members of the Settlement Class, are enjoined from commencing or prosecuting, either directly or indirectly, any action asserting any of the Released Claims against any of the Released Parties unless they first have timely Opt-Out or otherwise exclude themselves.

DATE: September 30, 2014    ENTERED: _____
                 United States District Court Judge

4