**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EMIGUELA PACI, | ) | |
| | ) | 14-cv-1158 |
| Plaintiff, | ) | |
| | ) | Hon. Sharon Johnson Coleman |
| v. | ) | |
| | ) | Hon. Young B. Kim |
| ELMHURST AUTO WERKS, LTD, | ) | |
| d/b/a ELMHURST BMW, LTD, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

THE MATTER coming before the Court to determine whether the Class Action Settlement ("Settlement") between Plaintiff Emiguela Paci ("Plaintiff") and Elmhurst Auto Werks, LTD, d/b/a Elmhust BMW, LTD, ("Defendant") collectively (the "Parties") should be finally approved. The Court has carefully reviewed the Motion for Final Approval of Class Action Settlement, Docket No. 86, and the entire court file and is otherwise fully advised in the premises.

By an Order of Preliminary Approval Docket No. 81, entered October 1, 2014, the Court preliminarily approved the Parties' proposed settlement, subject to further consideration at the Final Settlement and Fairness Hearing.

In its Preliminary Approval Order, the Court conditionally certified the case to proceed as a class action for settlement purposes only and appointed Plaintiff as representative of the following class:

> All persons who Elmhurst Auto Werks, LTD, were provided a form document titled, 'BMW Rental Agreement for a Temporary Substitute Vehicle' that displayed the cardholder's payment card's expiration date between February 18, 2012 and February 18, 2014.

Excluded from this class definition are corporate and business entities.

The Court also ordered that, because Defendant maintains records on the contact information for each class member and therefore notice shall be given to the class members by U.S. Mail.

The Court having held a hearing on the fairness of the proposed settlement after due notice and the opportunity for any objections to the settlement to be heard and the Court fully advised in the premises, the Court finds as follows:

I. This Court has preliminarily approved a class and affirms its decision of approving the settlement class defined as:

> All persons who Elmhurst Auto Werks, LTD, were provided a form document titled, 'BMW Rental Agreement for a Temporary Substitute Vehicle' that displayed the cardholder's payment card's expiration date between February 18, 2012 and February 18, 2014.

Excluded from this class definition are corporate and business entities.

II. In the preliminary approval order, the Court approved of the Notice and found that the proposed form and content of the Notice of Proposed Settlement and Right to Opt Out satisfied the requirements of Due Process. The Court reaffirms its finding and holds that the best practicable notice was given to the Class Members. The Court finds that Notice of the Settlement has been timely sent in accordance with the terms of the Court's Preliminary Approval Order.

III. Zero (0) Class Members have submitted a notice of opting-out.

IV. Zero (0) Class Members have filed a timely objection to the Settlement Agreement. At the final approval hearing scheduled for January 16, 2015, class member Nancy Lazzara personally appeared and stated that she "objected" to the class action settlement agreement. The Court rescheduled the final approval hearing to January 30,

2

2015, thereby providing Ms. Lazzara an additional two weeks to provide the Court more details about her objection, including any information why she did not file a timely objection. At the January 16, 2015 final approval hearing, Ms. Lazzara stated that she was represented by counsel, other than Class Counsel. Ms. Lazzara did not file any additional information with the Court, although the Court received an email forwarded by class counsel stating she was unavailable to attend the January 30, 2015 rescheduled final approval hearing. Doc. 89. Additionally, the Claims administrator filed a supplemental statement showing that Ms. Lazzara's claim form in which she made a claim was submitted though her counsel. *See* Doc. 88, 88-1. The Court finds that Ms. Lazzara has not demonstrated any excusable neglect as required under Rule 6(b)(1)(B) for the untimeliness of her "objection." In *dicta*, the Court further finds that Ms. Lazzara's statement made to the Court on January 16, 2015, that she objects without providing the Court a basis for the objection in law or fact is overruled and the settlement agreement is approved as indicated above as being fair, reasonable and adequate.

V. The issues as to liability and remedies in this litigation are substantial grounds of difference of opinion, and that the settlement of this litigation constitutes a final resolution of those issues in a manner that is fair, reasonable and adequate to the Members of the Class.

**IT IS HEREBY ORDERED:**

1. The settlement between the Defendant and Plaintiff, individually and on behalf of the Class Members defined in the settlement class, is approved as it meets the requirements set forth in Federal Rule of Civil Procedure 23(e) as being fair, reasonable and adequate.

2. On the "Effective Date" as defined in the Settlement Agreement for good and sufficient consideration, upon receipt of any amount awarded to Plaintiff and the class members by the Court and allowing time for the funds to clear the releases contained in the Agreement shall take effect as follows:

**(a).** **Plaintiff.** Plaintiff shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally and forever released, relinquished and discharged any and all claims, including unknown claims, demands, rights, liabilities and causes of action of every nature and description whatsoever including, without limitation, statutory, constitutional, contractual, equitable or common law claims, whether known or unknown, whether or not concealed or hidden, against Defendant, the parties other than the Plaintiff named in paragraph 1 hereinabove and insureds, agents, principals, partners and joint ventures, and each of their employees, representatives, attorneys, trustees, officers, directors, shareholders, divisions, heirs, assigns, and predecessor and successors in interest, or any other person or entity (collectively "Released Parties") that arose or accrued at any time on or prior to the date the Court grants preliminary approval of the Settlement for any type of relief, including, without limitation, damages, unpaid costs, penalties, liquidated damages, statutory damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on any and all claims in any way relating to the publication of cardholder account information on a document, including but not limited to printing the cardholder's account number and/or the expiration date upon a document provided to the cardholder at the dealership, or any claims that were asserted or could have been asserted against any of the Released Parties in the case styled, *Paci v. Elmhurst Auto Werks, Ltd. d/b/a Elmhurst BMW,* No. 14-cv-

4

1158 (N.D. Ill.) (collectively, "Plaintiff's Released Claims"). Plaintiff and all class members represent and warrant that each is the sole and exclusive owner of all claims that each is personally releasing under this Settlement Agreement. Plaintiff and all class members further acknowledge that each has not assigned, pledged, or in any manner whatsoever, sold, transferred, assigned or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the Action, including without limitation, any claim for benefits, proceeds, or value under the Action, and that Plaintiff is not aware of anyone other than herself and fellow Settlement Class Members claiming any interest, in whole or in part, in the Action or in any benefits, proceeds, or values under the Action.

**(b)** **Class Members**. Each member of the Settlement Class releases and discharges the Released Parties of all suits, liability, and claims including claims for the payment of attorney's fees and costs relating to any electronically printed form document titled, "BMW Rental Agreement for a Temporary Substitute Vehicle" provided at the dealership that displayed the cardholder's payment card's expiration date between February 18, 2012 and February 18, 2014, as asserted in the Lawsuit under the facts alleged in the Lawsuit as more fully set forth in paragraph 2(a) above.

3. The Defendant shall cause to be issued checks in an amount of $50 to each class member who did not opt-out within 14 days of the "Effective Date" and who completed a Claim Form as set forth in the Settlement Agreement. The Court, will also allow the 7 late claims made, to which Defendant does not object to.

4. The Court hereby awards Class Counsel a total of forty-seven thousand five hundred dollars ($47,500) in attorney's fees and costs, which represents 25% of the

5

Common Fund established in this case. Payment of the amount of Attorney's Fees and Costs will be issued to "Warner Law Firm, LLC – IOLTA". Defendant shall cause this payment to be issued within 14 days of the "Effective Date" as set forth in the Settlement Agreement.

5. The Court hereby awards Plaintiff two thousand five hundred dollars ($2,500) as Plaintiff's damages and as an incentive award for Plaintiff's participation in this litigation. The Defendant shall cause the above payment to be issued within 14 days of the "Effective Date" set forth in the Settlement Agreement.

6. All checks issued to Class Members shall be void forty-five (45) days after the date of issuance.

7. Any remaining monies from the Settlement Fund and any uncashed checks shall revert back to Defendant 14 days after the checks issued to the Class Members become void.

8. This Court retains and will have continuing jurisdiction over the Lawsuit for the purpose of implementing this Order and the Settlement Agreement, which is expressly incorporated into this Order. This Court will be the exclusive venue to resolve any disputes regarding Defendant, Plaintiff and the Class Members with respect to the Releases and the Settlement Agreement, and are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of or relating to the enforcement and applicability of this Order and Agreement. This Court will be the exclusive venue to resolve any disputes regarding the Parties' obligations pursuant to the Settlement Agreement and any Court Order.

9. This Lawsuit is hereby dismissed with prejudice and without costs or attorney's fees (except as otherwise provided herein).

DATE: February 12, 2015　　　ENTERED: _____
　　　　　　　　　　　　　　　　　　Honorable Sharon Johnson Coleman
　　　　　　　　　　　　　　　　　　United States District Court Judge